Story, J.,
 

 delivered the opinion of the court, as follows : — The principal question in this case is, whether goods and merchandise, the importation of which into the United States was prohibited by the act of 18th of April 1806 (2 U. S. Stat. SÍQ), were within the purview of the 50th section of the collection act of 2d of March l^O (1 Ibid. 665), so that the unlading of them without a permit, &c., was an offence subjecting them to forfeiture.
 

 
 *71
 
 It has been contended on behalf of the claimant, that they were not within the purview of the 50th section, because that section applies only to goods, wares and merchandise, the importation of which is lawful. To this construction, the court cannot yield assent. The language of the 50th section is, that “ no goods, wares or merchandise,
 
 &o.,
 
 shall be unladen, &c., without a permitit is, therefore, broad enough to cover all goods, whether lawful or unlawful. The case, being then within the letter, can be extracted from forfeiture only by showing that it is not within the spirit of the section. To us, it seems clear, that the case is within the policy and mischief of the collection act, since the necessity of a permit is some check upon unlawful importations, and is one reason why it is required. The act of 1806 does not profess to repeal the 50th section of the collection act, as to the prohibited goods, and a repeal by implication ought not to be presumed, unless from the repugnance of the provisions, the inference be necessary and ^ n *unavoidable. • No such manifest repugnance appears to the court; x -> the provisions may well stand together and indeed serve as mutual aids. In fact, the very point now presented was decided by this court, in the case of
 
 Locke, claimant,
 
 v.
 
 United States,
 
 at February term 1813 (7 Cr. 339). The judgment of the circuit court is affirmed, with costs.
 

 Judgment affirmed.