## BLAKE E. HOWARD, and others, Appellants, v. M. M. HAR-MAN, Respondent.

An *objection* that a County Court has no jurisdiction in cases on appeal, where no appeal bond is given as required by the statute, should be made in the Court below. It is too late to raise the question here.

Where such an objection is made within the proper time, it is the duty of the presiding Judge to hear the excuse of the party failing to produce it, and if sufficient, to allow him to file a bond.

APPEAL from the County Court of Yuba County.

The facts of the case appear in the opinion of the Court.

*R. S. Mesick* for Appellants.

The County Court had no jurisdiction of the case.

1. Because there was no undertaking on appeal filed, as is provided by statute. See Comp. Laws Cal., p. 632, § 628. Const., Art. 6, § 9. Latham *v.* Edgerton, 9 Cowen, 228. Ford *v.* The Commonwealth, 3 Dana, 46. Unless this was complied with, the proceeding would be *coram non judice*, and void. 1 Cal., 397.

2. This objection to the jurisdiction is properly taken; such an objection can be taken at any time and at any stage of the proceedings. Comp. Laws, p. 526, § 45. Stoughton *v.* Mott, 13 Verm., 181. Latham *v.* Edgerton, *supra*. Borden *v.* Fitch, 15 Johns., 141. Mills *v.* Martin, 19 Ib , 33.

*W. L. Willis* for Respondent.

There is no statement or bill of exceptions which shows any other state of facts, except as is set forth in the judgment of the County Court. It is a well established rule, that this Court will not disturb a judgment of an inferior Court, unless the defects appear in the record, or are apparent from a bill of exceptions. 1 Cal., 108. 2 Ib., 99, 145.

HEYDENFELDT, J., delivered the opinion of the Court. MURRAY, C. J., concurred.

The only point raised on the part of the appellants is, that the County Court had no jurisdiction, because there was no appeal bond, as re-

quired by the statute, to effect an appeal from Justices of the Peace to that Court.

This objection was not made in the Court below, and it comes here too late. If it had been made in proper time before the County Court, it would have been the duty of the presiding Judge to hear the excuse of the party failing to produce it, and if sufficient, to have allowed him then to have filed a bond.

Judgment affirmed.