# COULTER v. STARK.

A *writ of certiorari* is not the proper remedy where there has been no excess of jurisdiction.

A justice of the peace has jurisdiction to grant appeals, and to stay proceedings thereupon; and his action cannot be reviewed on *certiorari.*

Where the appeal is bona fide, and not taken for delay, appellate Courts will always permit a new undertaking to be filed where the original is defective.

Service of a notice of appeal upon the opposite attorney is always sufficient.

APPEAL from the County Court of Napa County.

Suit was brought by plaintiff before a justice of the peace to recover the possession of a horse, and judgment rendered for the plaintiff; execution was issued, and defendant appealed to the County Court. Upon filing the notice and appeal bond, the justice made an order staying the execution. Plaintiff then applied to the County Judge, and obtained a *certiorari*, upon the ground that the justice had exceeded his jurisdiction in making the order. Upon review before the County Judge, the writ was sustained, and the order of the justice vacated. From this proceeding of the County Judge the defendant appeals to this Court.

The plaintiff insisted before the County Judge, that the appeal taken from the decision of the justice was void upon two grounds; First, the notice of appeal was served upon the attorney of plaintiff, and not upon the plaintiff personally; and second, that the undertaking was insufficient.

*John H. McKune* for Appellant.

The *certiorari*, or writ of review, is not the proper remedy. There was an appeal taken by defendant, and the remedy on appeal was complete. Prac. Act, § 456; People *v.* Turner, 1 Cal., 152; *In re.* Hanson, 2 Cal., 262; Gray *v.* Schupp, 4 Cal., 185.

There was an appeal taken and perfected, and the County Judge erred in issuing *certiorari.*

The acceptance of service of notice of appeal by the attorney of the party, is an acceptance by the party, and binds him. § 54 of the Amendments to Practice Act, passed 1854; Suydam *v.* Pelsher, 4 Cal., 280; Prac. Act, §§ 520, 524.

The judge should have allowed the amendment and substitution of a new bond, if the one filed was not sufficient; but it was sufficient. See brief on this point, Howard *v.* Harmon, Jan. T., 1855. The judgment should be reversed and cause remanded, with an order to dismiss *certiorari.*

*J. W. Smith* for Respondent.

BURNETT, J., after stating the facts, delivered the opinion of the Court—MURRAY, C. J., concurring.

We have no doubt of the service upon the attorney being sufficient; so was the undertaking, as the plaintiff had possession of the horse, and the undertaking was ample for the costs and damages. But had the undertaking been defective, that objection should have been made in the County Court upon the appeal, when, upon a proper showing, the party might have been permitted to file a proper undertaking. (Howard v. Harmon, Jan. T., 1855.) When the appeal is taken bona fide, and not for delay, the appellate Court will always permit another undertaking to be filed. This is no injury to the respondent. In proceedings before justices of the peace, there cannot reasonably be required the same strictness as in the higher Courts.

But conceding that the appeal was defective; a writ of review was not the proper remedy. There was no excess of jurisdiction by the justice; he had jurisdiction to grant an appeal in the particular case, and to make an order to stay proceedings. If he erred, it was in the exercise of jurisdiction, and not in assuming it, when it did not exist. There was a valid but appealable judgment in his Court; he decided that the notice of appeal and undertaking were sufficient, and therefore made the order. This was clearly the exercise of jurisdiction, and no more. This is a very different case from the one of Clary v. Hoagland. In that case, the judgment of the County Court had been reversed by the Supreme Court. The County Court ordered the clerk, by peremptory mandamus, to issue execution upon the judgment which had been reversed; there was no judgment upon which to issue execution, and this Court held that the County Court had exceeded its jurisdiction.

We are of opinion that the writ was improperly issued. The County Judge is, therefore, ordered to dismiss the writ.