## Smith v. Humphrey.

1. NON-RESIDENT PLAINTIFF: COSTS: JUSTICE'S COURT. The provisions of chapter 136 of the Revision of 1860, requiring non-resident plaintiffs, in certain cases, to give security for costs, applies only to proceedings in the District Court.

2. PROOF OF INDORSEMENT. When the genuineness of an indorsement is admitted by an answer, with an allegation that it was made for a fraudulent purpose and without consideration, proof of such indorsement is not necessary to entitle the plaintiff to recover.

*Appeal from Scott District Court.*

THURSDAY, DECEMBER 24.

FOR the facts see the opinion.

*D. L. Shorey* for the appellant.

*S. E. Brown* for the appellee.

BALDWIN, Ch. J.—The appeal in this cause is from the judgment of the District Court in affirming, upon a writ of error, the judgment of the justice of the peace.

The defendant, on trial before the Justice, moved for a rule requiring the plaintiff to give security for costs. This motion was supported by affidavit showing that the plaintiff was a non-resident of the State. The action of the Justice, in overruling this motion, is first assigned as error. The question thus presented is, whether the provisions of chapter 136, of the Revision of 1860, applies exclusively to proceedings in the District Court. From the language used in the different sections of this chapter, such as " the defendant before answering " (evidently referring to pleading in the District Court), " file in the clerk's office a bond," " must be a resident of the county where suit is brought," (the jurisdiction of a Justice being limited to his township, except in special cases,) " to be approved by the clerk," " no attorney or other officer of the Court shall be received as security in any proceedings in Court." And from the fact that there is no express language giving such power, we hold that it was not designed that in a Justice's Court the plaintiff should be required to give security for costs.

It is insisted in the next place that the Court erred in rendering judgment upon the note under the state of the pleadings, as defendant denies ownership in the plaintiff, and alleges that the original payee is still the owner, &c.; that suit was brought by the indorsee upon a blank indorsement, and no allegations were made that such indorsement was genuine, or any evidence offered but the note itself, and that without such proof, under section 2967, plaintiff could not recover.

Under this section (and it was while this was in force, or prior to its being amended, that this suit was brought), the indorsee of an instrument was required to prove the genuineness of the indorsement, yet the defendant in this case, in his answer, admits that the original payee did indorse the note to plaintiff, but claimed that the same was made for a fraudulent purpose. The genuineness of the signature is therefore admitted, and if admitted in the answer, no proof on the trial of the fact was required. The note itself was filed with the justice at the commencement of the action, and this was a sufficient statement of plaintiff's cause of action. The judgment is

Affirmed.