## COTHREN VS. CONNAUGHTON.

*Appeal from justice of the peace in replevin: Sureties must justify — Objection that surety was a practicing attorney, when and how to be taken.*

1. An appeal from the judgment of a justice of the peace in replevin cannot be perfected without giving the undertaking prescribed in section 4, chapter 112, Laws of 1859, if the property has been delivered to the appellant.
2. Where appellant in such a case has executed an undertaking which recites that the property was delivered to him, or which binds him to return the same, the appellate court will assume, as against him, that it was so delivered.
3. If the sureties in such undertaking did not justify as required by the statute, the appeal will be dismissed.
4. Under chapter 21, Laws of 1859, attorneys practicing in this state are disqualified from becoming sureties on any undertaking in an action.
5. Courts do not take judicial notice of who are *practicing* attorneys, but an objection to a surety on that ground must be sustained by proof.
6. Where a motion to dismiss an appeal because the surety on the appeal bond was a practicing attorney, was denied for lack of proof, the validity of the bond could not be impeached on that ground at any later stage of the action, although the requisite proof was then supplied.

APPEAL from the Circuit Court for *Iowa* County.

Replevin, for two barrels of hops, commenced in a justice's court. After verdict for defendant, the justice ordered and adjudged that the officer deliver the property to defendant, and that defendant recover from plaintiff $1.50 damages, and costs of the action. Plaintiff filed his affidavit and notice of appeal, and an undertaking, executed by himself and two sureties, the condition of which was, that if the judgment should be affirmed as to any part of the property, he (plaintiff) would return said property, or so much thereof as should be adjudged to be returned, to defendant, and should abide the judgment and order of the court in the premises. The sureties did not "justify their responsibility on oath," in any manner; but the justice indorsed upon the undertaking his approval thereof. Afterward plaintiff filed with the justice another undertaking, executed by himself and the two sureties who executed the former, which recites, *inter alia*, that "the hop roots were delivered to the said *Cothren*," and the condition of which is expressed in the words of the statute, section 4, chapter 112, Laws of 1859. The sureties justified severally; but the undertaking was never approved by the justice. Defendant moved the circuit court to dismiss the appeal, on the ground that the sureties in said undertakings were practicing attorneys of the court, that they had never justified their responsibility on oath, and that they were never approved by the justice. From an order denying this motion, defendant appealed.

*E. P. Weber*, for appellant:

1. Where attorneys are incapacitated for becoming bail by the rules of court, it is held that good bail and an attorney are no bail. Tidd's Pr. (Am. ed.) 230; Doug. 466 and note; 1 H. Black. 76; 2 id. 350; 15 Johns. 536; 1 Chitty, 714 and note; 1 N. Y. Prac. (Tiff. & Sm.) 69; 1 Taunton, 162 and note. *A fortiori* it should be so held where they are incapacitated by statute. Ch. 121, Laws

of 1859.    One of the two sureties in this case being a practicing attorney of the court, the statute was not complied with, and the appeal was ineffectual for any purpose.    Sec. 4, ch. 112, Laws of 1859 ; 1 Murph. 281, 495 ; 3 id. 235 ; 2 Hayw. 400 ; Cam. & Nor. 107 ; 2 Hawks, 532 ; 3 S. & R. 93 ; 4 Munf. 93, 104, 323 ; 2 N. H. 223.    2. The failure of the justice to approve the sureties, renders the appeal ineffectual.    Laws of 1859, ch. 112, sec. 6 ; 4 Cow. 82 ; 6 id. 585, 593 ; 7 id. 468, 487 ; 9 id. 227 ; 1 Bibb, 214 ; 4 Wend. 519 ; Wright, 95 ; 2 Code R. 99 ; 24 Barb. 438 ; Kirby, 51 ; 4 Yerg. 298 ; 2 Wis. 123 ; 3 id. 310, 397, 573, 744 ; 3 Wend. 426.    3. The first undertaking, besides being executed by a practicing attorney as surety, has no justification (sec. 6, ch. 112, Laws of 1859) ; nor are the statutory conditions set forth, which defect of itself renders the undertaking void. Wright, 176 ; 2 Yerg. 562 ; 2 Hawks, 532 ; and cases cited above.

*M. M. Cothren* and *S. U. Pinney*, for respondent. [No brief.]

COLE, J.    Section 4, chapter 112, laws of 1859, expressly provides that, when the property mentioned in the order made by the justice has been delivered to the appellant, "*the appeal shall not be effectual for any purpose*, unless, within the time*" for taking the appeal, there shall be filed the written undertaking therein prescribed.    From this it will be seen that the giving of the requisite undertaking is an essential condition to the right of appeal when the property has been delivered to the appellant.

It is insisted, however, that there is nothing in this record which shows that the property was delivered to the appellant.    The first undertaking recites, among other things, in the condition, that, if the judgment of the justice should be affirmed as to any part of the property, "the said *Montgomery M. Cothren* shall

Cothren vs. Connaughton.

return the said property, or so much thereof as shall be adjudged to be returned;" and in the second it is stated, that "the hop roots were delivered to said *M. M. Cothren.*" From these recitals, we feel warranted in assuming that the property was delivered to the appellant, and that it became necessary, in order to sustain the appeal, to give the undertaking. And, as a matter of fact, it appears that the appellant gave two undertakings in this case — instruments which he probably would not have executed if the property had remained in the possession of the opposite party.

This brings us to a consideration of the correctness of the order refusing to dismiss the appeal. The grounds relied on in the motion are embraced in the general objection, that no sufficient written undertaking was given to perfect the appeal.

One objection taken to the undertaking approved May 9th is, that the sureties therein did not justify their responsibility on oath, as required by section 6, chapter 112, above cited. This objection is well taken. The language of the statute is clear and positive, that the sureties "shall severally justify." It is unnecessary, therefore, to consider the other objections taken to that undertaking, since it was fatally defective for the reason just given. The sureties in the other undertaking properly justified, and no objection is taken to it upon that ground. But it is said that one of the sureties who signed it was a practicing attorney of the court, and therefore, under chapter 21, laws of 1859, incapacitated from becoming a surety. This statute does in terms deprive attorneys practicing in any of the counties of this state of the legal power or ability of becoming a surety on any undertaking. And this is not a personal privilege, which such attorneys may waive, but the law evidently intends to disqualify them from entering into such contracts. But the real difficulty with this objection is, that there is nothing to show that the surety was

a practicing attorney. This was an extrinsic fact, which should have been shown by affidavit in support of the motion to dismiss. For we do not suppose it could be seriously claimed that the court was bound to take judicial notice of who were practicing attorneys in this state, and who were not. Although attorneys may be officers of court, yet the court may not know who are in practice ; and the disqualification only extends to those who are in practice. The fact, therefore, that one of the sureties in the undertaking was a practicing attorney, should have been shown by affidavit. And, in the absence of all proof upon the point, the court was right in assuming that there was no legal objection to the sureties, and in holding the undertaking sufficient.

*By the Court.*—The motion to dismiss the appeal was properly overruled, and the order is affirmed.

[A motion was made for a rehearing, mainly on the ground that the defect of the second undertaking, in not being approved by the justice, had not been passed upon by the court. The motion was denied.          REP.]

### SECOND APPEAL.

After the rendition of judgment, the appellant, at the same term, moved for an order to show cause why the same should not be vacated and set aside for want of jurisdiction. The grounds of the motion were substantially the same as those relied on upon the motion to dismiss the appeal ; though the motion was supported by affidavits which showed that one of the sureties in each undertaking was a practicing attorney of the court. The court, however, refused to set aside the judgment, and, as we think, properly, for this reason : This precise objection had been taken on the motion to dismiss ; and we have held that it was there rightfully overruled, because there was nothing to show that the persons who signed as sureties were practicing attorneys. The decision, therefore, upon that question was *res adjudicata.*

The appellant could not, in the motion to vacate, again renew the same objections which had already been decided on the previous motion ; for, if he could, he might do so indefinitely, and no question would be ever settled. It is a familiar principle, that, where a question has been fairly raised and presented to a court for its determination, the decision of such question is final in that cause, and it cannot again be raised at a subsequent stage for re-examination. Nor does the circumstance, that the appellant failed to present on the former motion evidence that the sureties were practicing attorneys, take the case out of this rule of law. If the first motion failed because there was no evidence before the court of that fact, it is the same on this appeal as though the affidavits had been presented and considered by the court.

*By the Court.*— The order of the circuit court refusing to set aside the judgment, is affirmed.