TERRITORY OF MONTANA, respondent, *v.* THEODORE MIL-
ROY, appellant.

7   559
12   457
19* 209
31*   63
7   559
12   314
19* 209
36* 185

CRIMINAL PRACTICE. — *A sufficient appeal bond.* — The appellant was con-
victed of a misdemeanor in the probate court. He appealed to the district
court, filing an undertaking on appeal, which complied in all other respects
with section 510, division 3, Compiled Statutes, but omitted the words "he
will appear in the district court on the trial therein." *Held,* that under sec-
tion 292, division 3, Compiled Statutes (which provides that misdemeanors
may be tried without the presence of a defendant), and section 510 aforesaid,
the bond was sufficient.

ID. — *Amendment of appeal bond.* — A motion to dismiss his appeal, on the
ground that the undertaking was defective, having been made, the appellant
was refused leave to file a new undertaking: *held,* that under section 407,
division 3, Compiled Statutes, the refusal of the court to allow an amendment
of the undertaking on appeal was error.

*Appeal from District Court, Deer Lodge County.*

COLE & WHITEHILL, for the appellant.

The appeal bond filed in the probate court complies
substantially with the statute, and secures to the terri-
tory all that was intended under the law. *Stapleton* v.
*Pease,* 2 Mont. 508; *Riley* v. *Mitchell,* 35 N. W. Rep. 473;
Comp. Laws, sec. 510, div. 3. The omission from the
bond of the condition requiring the defendant's appear-
ance in the district court on the trial therein is immate-
rial, for the reason that in misdemeanors the defendant's
presence is not required at the trial when a bond to pay
fine and costs has been given. Comp. Stats., sec. 292,
div. 3. If the bond filed was defective, then appellant's
motion for leave to file a new one should have been al-
lowed. Comp. Stats., sec. 407, div. 3; *Pierse* v. *Miles,* 5
Mont. 549; Wells on Jurisdiction, sec. 143; Hayne on
New Trial, sec. 214; *Howard* v. *Harman,* 5 Cal. 78; *Bil-
lings* v. *Roadhouse,* 5 Cal. 71; *Coulter* v. *Stark,* 7 Cal. 244;
*Cunningham* v. *Hopkins,* 8 Cal. 34; *Swain* v. *Graves,* 8
Cal. 550; *Rabe* v. *Hamilton,* 15 Cal. 32; *Stark* v. *Barrett,*
15 Cal. 364; *Hubble* v. *Renick,* 1 Ohio St. 171; *Irwin* v.
*Bank,* 6 Ohio St. 81; *Johnson* v. *Johnson,* 31 Ohio St. 131.

W. E. CULLEN, Attorney-General, for the respondent.

The only question practically to be determined on this appeal is, Did the court err in refusing to permit the defendant to amend his recognizance? The allowance of an amendment to any proceeding is always a matter within the sound discretion of the court, and an appellate court will not disturb a judgment where this is the case, unless there has been an abuse of the judicial discretion. *Territory* v. *Perkins*, 2 Mont. 467; Hayne on New Trial and Appeal, sec. 54, p. 165, and cases there cited. Was there an abuse of discretion on the part of the court below in this case? This is a criminal proceeding, and the general rule is that amendments are not permissible. *Moore* v. *State*, 13 Smedes & M. 259. We have no statute of jeofails, as they have in England and many of the states, authorizing amendments in criminal proceedings, and if the court had permitted this amendment it would have been error. Wharton's Criminal Pleading and Practice, sec. 90. There was no abuse of discretion in refusing to allow the defendant to file his amended recognizance.

DE WOLFE, J. The appellant was tried and convicted in the probate court of Deer Lodge County for obstructing the public highway, and fined in the sum of twenty-five dollars. From this judgment he appealed to the district court of Deer Lodge County. When the case came up in that court, the county attorney moved to dismiss the appeal, because no sufficient appeal bond, as required by the territorial statute, had been filed. Before this motion was decided, the defendant offered to file a new undertaking on appeal, in conformity with the requirements of the statute. This the court refused to allow, sustaining the motion to dismiss; thus affirming the judgment of the probate court. To reverse these rulings of the district court, this appeal is prosecuted.

Section 510 of the third division of the Compiled Statutes of Montana states what an appeal bond in a criminal case shall contain, when a person has been convicted in the probate court and takes an appeal to the district court; and one of the requirements is that " he will appear in the district court on the trial therein." This bond or recognizance filed on appeal in this case left out this provision, but was in other respects in conformity with the statute. It is contended on the part of the appellant that the offense of which he was found guilty in the probate court was only a misdemeanor; and as section 292 of the third division of the Compiled Statutes of the territory provides that misdemeanors may be tried by the court without the presence of the defendant, where an undertaking has been executed to pay any fine and the costs that may be adjudged against the defendant in such action, that such an undertaking was filed in this case, and the requirements of the law substantially complied with, although it omitted the condition to appear in the appellate court. Secondly, the appellant contends that, if the bond he gave was irregular in failing to comply with the requirements of the statute, he should have been allowed to amend in the district court, when the informality of the bond was pointed out. The respondent controverts both of these propositions. We think the position taken by the appellant on both propositions the better view of the law, and giving effect to section 292 of the Criminal Practice Act, as well as to section 510 of the same act, that the bond filed was a substantial compliance with the statute, and could have been enforced against the sureties on the recognizance. We also think the appellant, on his motion, should have been permitted to amend, if the bond on file was defective. Section 407 of the code (Criminal Practice Act) provides that an appeal shall not be dismissed for any informality or defect in the

taking thereof. The defect or omission in the present bond at most was only an informality. The authorities are numerous which hold that in a civil suit a bond or undertaking may be amended on leave, and we have been referred to no authority holding to the contrary. We cite the following authorities on this point: Wells on Jurisdiction, sec. 143; Hayne on New Trial, sec. 214; *Howard* v. *Harman*, 5 Cal. 78; *Billings* v. *Roadhouse*, 5 Cal. 71; *Coulter* v. *Stark*, 7 Cal. 244; *Rabe* v. *Hamilton*, 15 Cal. 32; *Irwin* v. *Bank*, 6 Ohio St. 81; *Johnson* v. *Johnson*, 31 Ohio St. 131; *Cunningham* v. *Hopkins*, 8 Cal. 34. In the latter case, the very point presented by the record in this case was decided; the opinion holding that it was error not to allow an amendment to an undertaking, if asked. The supreme court of Montana, also, in the case of *Pierse* v. *Miles*, 5 Mont. 549, held the same doctrine.

*Judgment reversed.*

McConnell, C. J., concurs.

Bach, J., and Liddell, J., concur, on the last ground assigned, that appellant should have been allowed to amend.