TOWLE v. BRADLEY.

1. Section 469, Comp. Laws, provides that "no practicing attorney and counselor shall be a surety in any suit or proceeding which may be instituted in any of the courts of this territory," *Held*, that this section applies to all suits and proceedings pending in the courts of this state, and is not limited to those with which an attorney may be connected in his professional capacity.

2. *Held, further*, that the statute deprives an attorney of the legal power or ability to become a surety in an undertaking in any such suit or proceeding.

3.  Held, further, that it is not a personal privilege which an attorney, or a party to the action in which an attorney executes an undertaking as surety, may waive, but, on grounds of public policy, the statute intends to and does disqualify him absolutely from entering into any such contract.

4.  An undertaking on appeal from a justice's court was executed by two sureties, one of whom was a practicing attorney in the courts of this state. Held, that such an undertaking was insufficient, and the appellate court, on being advised in the proper manner of the defect in the undertaking, could proceed no further in the action until a sufficient undertaking was filed. Held, further, that when the court, after the fact that one of the sureties in the undertaking on appeal was a practicing attorney in the courts of this state was clearly established, proceeded to try the action and enter a judgment, without a new undertaking being filed, it committed error for which the judgment must be reversed.

5.  The exception to sureties provided for by Section 6133 is limited to the pecuniary responsibility of the sureties, and not to the undertaking itself, or the competency of the sureties to enter into such a contract. Held, therefore, that a failure to except to the sufficiency of the sureties under that section was no waiver of the right to object to the undertaking in the appellate court because of the incompetency of one of the sureties, and that a motion to dismiss the appeal for that defect in the undertaking was properly made in that court.

6.  When a motion to dismiss the appeal is made in the appellate court on the ground that the undertaking filed is insufficient, and the appeal appears to have been taken in good faith, the appellate court has the power, and it is its duty, to permit the appellant to file a new undertaking, upon such terms as may be just, and, when such undertaking is filed, to deny the motion to dismiss the appeal.

Rudolph v. Herman, (S D.) 50 N. W. Rep. 833., commented upon and disdistinguished.

(Syllabus by the Court. Opinion filed January 26, 1892.)

Appeal from Sully county court. Hon. THOS. M. GODDARD, Judge.

Action in justice court for work and labor performed. Judgment for defendant. Plaintiffs appealed to county court where plaintiff had judgment. Defendant appeals. Reversed.

The facts are stated in the opinion.

*John F. Hughes* for appellant.

No practicing attorney can be a surety upon an undertaking in any suit pending in the courts of this state. § 469, Pol. Code; Shnek v. Hagar, 24 Minn. 341; Cothren v. Connaughton,

24 Wis. 137; Gilbank v. Stephenson, 30 Wis. 156. An undertaking on appeal must be executed by two or more sureties. § 6133, Comp. Laws. Affidavits of sureties should accompany the undertaking. §§ 5232 and 6133, Comp. Laws. The court erred in denying defendant's motion for a new trial, on account of the misconduct of the court. §§ 5049 and 5052, Comp. Laws.

*D. M. Anderson* for respondent.

The defendant not having excepted to the sureties is estopped from raising the question in the appellate court. § 6133 Comp. Laws. The bond is sufficient because approved by the officer charged with that duty. Casey v. Perbles, 12 N. W. 640; Creighton v. Hardin, 10 O. St. 577. Attorneys may become sureties for litigants other than their clients. § 469, Pol. Code. It is not error to add words that do not prejudice to a requested instruction asked. Moore v. Railroad, 22 N. W, 650; Thompson v. Schuster, 28 N. W. 858; Williams v. Birch, 6 Bosw. 300; Treat v. Ford, 42 M. 553.

CORSON, J. This action was commenced and tried in a justice court of Sully county, and judgment rendered in favor of defendant. From this judgment the plaintiff appealed to the county court of that county. When the case was called for trial in the county court, counsel for defendant moved the court to dismiss the appeal, on the grounds: (1) Because the attempted appeal was not taken according to law; (2) because no legal or proper undertaking was entered into, given, or filed on the pretended appeal; (3) because there is only one legal and qualified surety who signed and executed the undertaking on appeal. The motion was denied, and a trial had before a jury, resulting in a verdict and judgment for the plaintiff, from which judgment the defendant has taken an appeal to this court. Defendant assigns as error the overruling of the motion to dismiss the appeal, error of the court in giving certain instructions to the jury, and in allowing the jury to take with them to the jury-room a part of the pleadings and justice's transcript in the case and part of the instructions of the court.

We will first consider the motion to dismiss the appeal. It appears from the abstract that the undertaking on appeal was

not accompanied by an affidavit of the sureties, and the learned counsel for the appellant contends the undertaking is insufficient for that reason. But Section 6133, Comp. Laws, providing for undertakings on appeal from justices' courts, does not require that an affidavit of the sureties should be made unless the adverse party excepts to the sureties, in which case it is provided that, "unless they or other sureties justify before the justice before whom the appeal is taken within five days thereafter, upon notice to the adverse party, to the amounts stated in their affidavits, the appeal must be regarded as if no such undertaking had been given." The affidavit referred to in this clause is evidently the one made when the sureties are required to justify, as no other seems to be provided for. The contention of appellant that Section 5232 applies, we think is untenable, as that section only applies to appeals from the circuit courts and county courts. As no exception was taken to the undertaking as provided in the Section 6133 referred to, we think no affidavit of the sureties was required. It also further appears from the abstract that the undertaking on appeal was executed by the plaintiff as principal, and D. F. Sweetland and John Willett as sureties. Defendant, in support of his motion to dismiss, read and filed affidavits showing clearly that D. F. Sweetland was a practicing attorney and counselor in the courts of this state, but not connected as an attorney with this cause. Was Sweetland, therefore disqualified to become a surety on the undertaking by reason of the fact that he was an attorney and counselor at law practicing in the courts of this state? Section 469, Comp. Laws, provides that "no practicing attorney and counselor shall be a surety in any suit or proceeding which may be instituted in any of the courts of this state." It is contended by the learned counsel for respondent that this section should be construed to mean any suit in which the surety shall be an attorney or in which he shall act as counsel, But we cannot so hold. The language of the section is broad and comprehensive, and applies "to all suits or proceedings which may be instituted in any of the courts," and we would not be war-

ranted in inserting an exception or limitation in the section that the legislature has not placed in it. Attorneys and counselors at law are officers of the court, and the object of the statute evidently was to disqualify them from becoming sureties, not only in suits in which they might be retained as attornies or as counsel, but in all cases pending in the courts; and thereby relieve them. not only from the importunities of their own clients to become sureties in suits in which they were attorneys, but from the solicitation of other attorneys or persons whom they might feel a delicacy in refusing. As officers of the court it was deemed proper to protect them from becoming *quasi* principles in any litigation before the courts in which they were not directly interested as parties. This, we think, is a wise provision, and should be strictly enforced by the courts in all proper cases. Under a similar statute in Wisconsin, the court, in Gilbank v. Stephenson, 30 Wis. 156, says: "There can be no doubt of the insufficienty of the undertaking which constitutes the basis of this motion. * * * It is contended by counsel for the defendant that this statute applies only to cases where the attorney offers himself as security or bail in an action in which he is professionally engaged or interested, or where he becomes bail or security for a client. This position, we think, is clearly untenable. The language of the statute is general, and was undoubtedly intended, according to its plain import, to include every action, and to forbid a practicing attorney or counselor from becoming bail or security in any case. * * * We must apply the statute as it reads, and say, as the legislature has said, that an attorney or counselor at law, practicing in any county of this state, can, under no circumstances, be taken or received as bail or security in any action, civil or criminal, and we cannot create exceptions or impose limitations where none are found in the statute, and where it contains no words evincing such an intention on the part of the legislature." Cothren v. Connaughton, 24 Wis. 137; Schuek v. Hagar, 24 Minn. 341. The views expressed in the opinion quoted accord fully with our own upon this question. The statute deprives an attorney of the legal power or ability

of becoming a surety on an undertaking in any action pending in the courts of this state. It is not a personal privilege which such attorney, or a party to an action in which an attorney executes an undertaking as a surety, may waive, but, on grounds of public policy, the statute intends to and does disqualify him from entering into any such contract. There being, then, but one competent surety on the undertaking in controversy, it is clearly insufficient.

Counsel for respondent contends that, conceding that Sweatland was disqualified from becoming a surety on the undertaking, still, as Section 6133, Comp. Laws, governing appeals from justices' courts, has provided the time and manner of accepting to the sufficiency of sureties in an undertaking, that is the only remedy of which the defendant in this action could avail himself, and that, by a failure to except to the sufficiency of the sureties within the time and in the manner provided by that section, he has waived his right to object to the undertaking, and the motion to dismiss in the county court came too late, and should therefore have been denied. We can not agree with counsel in this contention. The clause of that section providing for excepting to the sufficiency of the sureties is as follows: "The adverse party may except to the sufficiency of the sureties within five days after the filing of the undertaking, and, unless they or other sureties justify before the justice before whom the appeal is taken, within five days thereafter, upon notice to the adverse party, to the amounts stated in their affidavits, the appeal must be regarded as if no such undertaking had been given." It will be seen from the clause quoted that the only sufficiency of the sureties that can be excepted to under that section is as to the pecuniary responsibility of the sureties, and not as to their competency to enter into a contract as such sureties. The legislature evidently intended to limit the exceptions to the sufficiency of sureties to such pecuniary responsibility only, as the law provides "that, unless they or other sureties justify * * * to the amount stated in their affidavit, the appeal must be regarded as if no such undertaking had been given." The exceptions,

therefore, provided for in that section cannot be extended so as to include the sufficiency of the undertaking as such, or the competency of the sureties to contract as such. The reason for this is quite apparent. The party appealing is required to file an undertaking, with two or more sureties, two of whom, at least, must be competent and qualified to enter into such a contract. But the power to determine the question of the sufficiency of the undertaking itself, or the competency of the sureties to enter into such a contract, has not been conferred upon the justice court. If, therefore, the appealing party fails to file such an undertaking as the law requires, he has failed to perfect his appeal, and the appellate court, when the fact that no undertaking as required by law has been filed is brought to its attention, in the proper manner, can proceed no further in the action until a sufficient undertaking is filed. The undertaking in this case was shown to be clearly insufficient under the law, as the court below found as a fact that the surety Sweatland was, at the time he executed the undertaking as surety, a practicing attorney in the courts of this state, and engaged in the practice of law in said Sully county. He being disqualified by law, and there being but two sureties on the undertaking, the undertaking was insufficient, and the appeal was not perfected as required by the statute. Gilbank v. Stephenson, 30 Wis. 156; Cothren v. Connaughton, 24 Wis. 137. The motion to dismiss the appeal was therefore made in time and in the proper court. Howard v. Harman, 5 Cal. 78; Coulter v. Stark, 7 Cal. 244. The court should either have granted the motion to dismiss the appeal, or permitted the plaintiff to file a new undertaking in conformity with the statute. Proceeding with the trial with a defective undertaking on file, and before a new one was filed, was error for which the judgment must be reversed.

As it was manifest in this case that the appeal was taken in good faith, the county court was authorized to permit the plaintiff to file a new undertaking, and thereby perfect his appeal, notwithstanding the pendency of the motion to dismiss the appeal. Howard v. Harman, *supra;* Coulter v. Stark, *supra;* Billings v.

Roadhouse, 5 Cal. 71; Cunningham v. Hopkins, 8 Cal. 34. In the case of Coulter v. Stark, *supra*, the supreme court of California says: "But had the undertaking been defective, the objection should have been made in the county court upon the appeal, when upon a proper showing, the party might have been permitted to file a proper undertaking. Howard v. Harman, 5 Cal. 78. When the appeal is taken *bona fide*, and not for delay, the appellate court will always permit another undertaking to be filed." The court should liberally exercise this power when an appeal is taken in good faith, and an undertaking filed, but which is not in strict conformity with the statute, by permitting a new undertaking to be filed and the appeal perfected, upon such terms as may be just. These views do not conflict in any manner with the views expressed by this court in Rudolph v. Herman, (S. D.) 50 N. W. Rep. 833, (decided at the present term.) In that case we held that, where no undertaking was filed on an appeal from the justice court, the appellate court committed no error in dismissing the appeal. No motion was made in that case for leave to file an undertaking, and hence the question of whether or not the court could have permitted an undertaking to be filed was not before us, and was not decided. In this case no motion appears to have been made in the county court for leave to file a new undertaking, so far as the record discloses, but, as the case is reversed, and will go back to that court for further proceedings, we have deemed it proper to express our views as to the power and duty of the court to permit a new undertaking to be filed in case the plaintiff shall desire to file one. As the judgment must be reversed for the error pointed out, the other errors assigned will not be considered. The judgment of the county court of Sully county is reversed, and the cause remanded, with directions to the court below to dismiss the appeal, unless the plaintiff shall, within such reasonable time as the court may direct, file a new undertaking, with two or more sufficient sureties, as required by law. All the judges concurring.