THE VALLEY NATIONAL BANK v. W. C. GARRETSON; *et al.*, Appellants.

| 104 655 |
| f 111 412 |
| 104 655 |
| d124 38 |

**Attorneys:** SURETIES ON APPEAL. An attorney cannot, under Code 1873, section 2931, become a surety upon a bond given on appeal from a justice's court to the district court, and the giving of such bond do s not perfect the appeal. Citing *Towle v. Bradley*, 50 N. W. Rep. (S. D.) 1057; *Cilbank v. Stephenson*, 30 Wis. 155; *Cothren v. Connaughton*, 24 Wis. 137; *Schuck v. Hager*, 24 Minn. 341.

*Appeal from Polk District Court.*—HON. C. P. HOLMES, Judge.

MONDAY, FEBRUARY 7, 1898.

ACTION at law upon a promissory note, commenced in justice's court. In the district court a motion to dismiss the cause on the ground that a sufficient appeal bond had not been filed was overruled, the cause was tried by the court, and a judgment was rendered in favor of the plaintiff. The defendants appeal.— REVERSED.

*J. A. Merritt* for appellants.

*Powell & Paschal* for appellee.

ROBINSON, J.—In justice's court there was a trial by jury, a verdict in favor of the defendants, and a judgment in favor of the plaintiff for certain sums which the defendants had tendered to him, and paid into court. Thereafter a notice of appeal to the district court was served by the plaintiff upon the defendants, and an appeal bond, signed by F. W. Paschal as surety, was filed. The motion to dismiss, which the district court

overruled, was based upon the ground that the bond was not sufficient, because Paschal, the only surety who signed it, was a practicing attorney, and one of the attorneys for the plaintiff. It is admitted that the ground stated was true, and we are to determine whether the bond was sufficient to give the district court jurisdiction to try the cause.

Section 3576 of the Code of 1873 required appeals from the judgments of justices' courts to be taken and perfected within twenty days after the rendition of the judgments. Section 3580 provided that an appeal should not be allowed in any case until a bond in the form given in this section, or its equivalent, should be taken and filed in the office of the justice, or clerk of the district court, in certain cases. The form given required one surety. The bond given in this case was in the statutory form. The surety, by affidavit, showed that he was a resident of this state, and had the requisite property qualifications, and the bond was approved by the justice. It appears the bond was sufficient, unless Paschal was disqualified to sign it as surety. Section 2931 of the Code of 1873, in force when the bond was given, was as follows: "No attorney or other officer of the court shall be received as security in any proceeding in court." It was said in *Massie v. Mann*, 17 Iowa, 131, of this provision, as it appeared in the Revision of 1860, that, although it was found in the chapter regulating security for costs, it was not limited to such cases, but was intended to prohibit attorneys from becoming sureties in any proceedings pending in court. It was further said that "the language is general, is imperative, and the reason for the law applies to injunctions, attachments, and similar bonds as fully as to those for securing costs." See, also, *Cuppy v. Coffman*, 82 Iowa, 214. It was held in *Wright v. Schmidt*, 47 Iowa, 233, that an attorney who had become surety on a bond to which the section applied could not escape liability where the

bond had been accepted and treated as valid; but the legal effect of such a bond, excepting as to the liability of the surety, was not determined. In *Towle v. Bradley*, 2 S. D. 472 (50 N. W. Rep. 1057) a statute was considered which was as follows: "No practicing attorney and counselor shall be a surety in any suit or proceeding which may be instituted in any of the courts of this state;" and it was held to deprive an attorney of the legal power or ability to become a surety on an under-taking, in any action pending in the courts of that state; that the statute was not a personal privilege, which the attorney could waive, but was based upon public policy; and that the appeal from justice's court, which was there under consideration, should have been dismissed, because the appeal bond was not sufficient. Similar decisions have been rendered by the supreme courts of Wisconsin and Minnesota. See *Gilbank v. Stephenson*, 30 Wis. 155; *Cothren v. Connaughton*, 24 Wis. 137; *Schuek v. Hagar*, 24 Minn. 341.

It is claimed, however, that the statute in question does no apply to proceedings in justices' courts; and the case of *Smith v. Humphrey*, 15 Iowa, 428, is relied upon as supporting the claim thus made. It was said in that case that chapter 136 of the Revision of 1860, which corresponds with the chapter of the Code of 1873, in which is found the section in controversy, did not authorize justice's courts to require the plaintiffs to give security for costs. The provision in question, although contained in the chapter of the Revision referred to, was not in controversy. The question really involved in the case was whether so much of chapter 136 of the Revision as provided for the giving of security for costs applied to cases in justice's court, and it was answered in the negative. It is true, the opinion stated that the question presented was whether the chapter applied exclusively to proceedings in the district court, but the question thus stated was not presented, and it

was not decided. Every section of that chapter but one, and every section but one of the corresponding chapter of the Code of 1873, referred, in terms, to security for costs. The two sections which did not refer specially to such security were section 3446 of the Revision and section 2931 of the Code of 1873, now in question, and these sections are in language and legal effect precisely the same. That the general assembly did not intend to limit the application of either to security for costs is shown by the fact that the words which showed such an intent in the other section were omitted from these, and language of a much broader and more comprehensive scope was used. They provided that no attorney should be received "as security in any proceeding in court." As we have stated, this court has held that the section was not limited to security for costs, but was general, and we are of the opinion that the same is true of the reference to courts. The language of the section is sufficiently broad to include all courts over which the legislative authority extends, and the same reasons exist for applying it to justices' courts as to courts of record.

We conclude that the justice was not authorized to accept the appeal bond in controversy; that the plaintiff failed to comply with the law in regard to appeal bonds; and that the district court did not have jurisdiction to try the case on its merits. It follows that the motion to dismiss the case should have been sustained by the district court, and for the error in overruling the motion its judgment is REVERSED.