DENNETT *et al.* v. REISDORFER *et al.*

1. Under the statute prohibiting an attorney from being a surety on any undertaking in any suit or proceeding, an attorney is not liable as surety on an injunctional undertaking.

2. Where, in an action against the sureties on an injunctional undertaking to recover damages sustained by plaintiff by reason of being kept out of the possession of his property, the rental value of the property was shown by the undisputed testimony of competent witnesses, the admission in evidence of proceedings before a referee, had without notice to defendants, for the purpose of ascertaining the amount of damages, was not prejudicial.

3. Under Comp. Laws, § 4650, authorizing the granting of an injunction to stay a pending judicial proceeding when necessary "to prevent a multiplicity of such proceedings," where an injunction restrains an owner of property from interfering with the possession of another pending an appeal to the supreme court such owner cannot obtain possession of the premises by virtue of a judgment of ouster obtained in justice's court pending such appeal.

(Opinion filed April 1, 1902.)

Appeal from circuit court, Hughes county. HON. LORING E. GAFFY, Judge.

Action by Lizzie Dennett and another against Michael Reisdorfer and others. From a judgment for plaintiffs, defendants appeal. Affirmed in part, and reversed in part.

*Ivan W. Goodner,* for appellants.

*John Sutherland,* for respondents.

FULLER, J.   For the purpose of continuing in force a certain restraining order pending an appeal to this court, the defendants, in the capacity of sureties, executed the undertaking made the basis of this suit, and now appeal from a judgment in favor of plaintiffs fixing their liability for a breach thereof at $279.28, exclusive of costs.   Charles H. Burke, one of the appellants, being a practicing attorney, it is urged by his counsel that in any event there is no liability as to such surety; and the case of Towle v. Bradley, 2 S. D. 472, 50 N. W. 1057, is considered conclusive upon the proposition.   If, as there held, "on grounds of public policy the statute intends to, and does, disqualify an attorney absolutely from entering into any such contract," and "deprives him of the legal power or ability to become a surety on an undertaking in any action pending in the courts of this state," it is difficult to see how an act thus prohibited by a mandatory statute can possess any binding qualities.   Where the statute or rule of court prohibiting an officer from accepting an attorney as surety is merely directory, he who signs may doubtless be held liable, notwithstanding the restriction; but our statute, as construed by this court, renders impossible the execution of such an undertaking by a practicing attorney, and, as held in the case above cited, there can be no effectual waiver either on his part or that of another.   Under a provision prohibiting an alderman from being surety in an undertaking to the city of Fond du Lac, it was squarely held, on the authority of a Wisconsin case mentioned in Towle v. Bradley, *supra,* that an alderman who had executed such an undertaking as surety in the sum of $1000,000 incurred no liability, and an action to recover thereon was dismissed as to him.   City of Fond du Lac v. Moore, 58 Wis.

170, 15 N. W. 782. Knowing the law, respondents might have raised the question as an objection to the injunction, and either secured its dissolution, or the procurement of such an undertaking as the statute contemplates. If, as stated by this court, "it is not a personal privilege which an attorney or a party to the action in which an attorney executes an undertaking as surety may waive," it is difficult to understand how so gross a violation of the statute may operate to destroy its effect, and defeat the very purpose of its enactment, by giving validity to an undertaking which an attorney is powerless to execute. As such a conclusion not only amounts to a complete waiver, but operates invariably to make the statute wholly ineffectual, the only reasonable conclusion is that there can be no liability, and we so hold.

The following facts are deemed essential to a complete understanding of the remaining questions to be determined: On the 19th day of November, 1897, at a time when these respondents were entitled to the immediate possession of certain premises occupied by the Carter Publishing Company, an insolvent corporation, the undertaking in suit was given on its behalf, continuing in force an order restraining respondents from taking possession of their property pending an appeal to this court from an order vacating an injunction, which order was affirmed herein, and the property restored to respondents, on the 17th day of May, 1898.

By the measure of damages employed, and from the evidence admitted at the trial, it was found by the court "that the rental value of said real estate from the 19th day of November, 1897, to the 17th day of May, 1898, is the sum of $35 per month for each and every month during said time, and that the damages sustained by said plaintiffs by reason of the continuance of said injunction order on and after the 19th day of November, 1897, was the sum

of $207, as damages for withholding said premises, with interest thereon since the commencement of this action, and the sum of $62.95, the costs of said action in the said supreme court, and the additional sum of $1.10, fees of the clerk of the court for entering said judgment, together with interest on said amount at the rate of 7 per cent per annum from and after the 8th day of May, 1899, besides the costs of this action." The rental value of the property being shown by the uncontroverted statements of numerous competent witnesses testifying at the trial without objection, appellants were not prejudiced by the admission in evidence of certain proceedings, had without notice to them, before a referee, to ascertain the amount of such damages, and the assignment of error relative to the point requires no further attention.

About three months after the service of the order restraining respondents from in any manner interfering with the possession of the Carter Publishing Company pending a determination of the appeal to this court, respondents, by an action against such corporation in justice court, obtained another judgment of ouster; and it is here maintained by counsel for appellants that no damages thereafter are recoverable for rents, for the reason that possession might have been taken by virtue of such judgment. Now, the purpose and effect of the injunction were to deprive respondents of the right to institute further proceedings to obtain possession during the pendency of the action by which it was obtained and there is not the slightest merit in the contention. To prevent a multiplicity of such proceedings" is the object of an injunction "to stay a judicial proceeding pending at the commencement of the action in which the injunction is demanded," and for no other purpose can such preventive relief be granted. Comp. Laws, § 4650. Appellants gained nothing by the failure of respondents to issue an execution in violation of the injunction.

Ruled by the case of Towle v. Bradley, *supra,* the action is dismissed as to the appellant Burke, and in all other respects the judgment appealed from is affirmed.