## CHICAGO, M. & St. P. RY. CO. v. NIELD.

1. Where a complaint in an action before a justice plainly sets forth a cause of action in forcible entry and detainer, no question of the title to real property was involved so as to deprive the justice of jurisdiction by reason of an allegation therein that plaintiff was the owner of the property sought to be recovered, which was denied, such allegation being unnecessary and surplusage.

2. Comp. Laws, § 6077, providing that the time for appearance and pleading in an action for forcible entry and detainer shall not be less than two or more than four days from the time the summons is served, etc., was not repealed by Laws 1901, c. 195, amending section 6054, relating to the time for appearance in justice courts, providing that the time specified in the summons for defendant's appearance shall be not less than three or more than twelve days from the date of service.

3. Under Comp. Laws, § 4805, providing that the time in which any act provided by law is to be done is computed by excluding the first day and including the last, unless the last day is a holiday, when it is also excluded, in determining the time for appearance under the summons a holiday which is not the last day must be included.

(Opinion filed December 31, 1902.)

Appeal from circuit court, Minnehaha county; Hon. J. W. JONES, Judge.

Action by the Chicago, Milwaukee & St. Paul Railway Company against James E. Nield. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

*Joe Kirby*, for appellant.
*Porter* and *King*, for respondent.

CORSON J. This is an appeal from the judgment of the circuit court affirming a judgment entered by a justice of the peace in favor of the plaintiff and against the defendant. The appeal from the justice court to the circuit court was on questions of law alone, and it appears from the statement on said appeal that the defendant appeared specially in the justice court and moved that the court refuse to further proceed with said action, and refuse to assume further jurisdiction thereof, for the reason that sufficient time had not elapsed between the date of the service of the summons and the return day thereof to confer jurisdiction upon said court. This motion was overruled, and the defendant excepted. The defendant thereupon filed his written verified answer, and moved the court to refuse to try the said action for the reason that the title to real property was called into question by the pleadings, and further requested the said justice to certifiy the said action to the circuit court for the same reason. This motion was denied, and the defendant excepted. The plaintiff in its complaint, after alleging the incorporation of the plaintiff in its second paragraph, makes the following allegation: "That the said plaintiff is the owner and entitled to the immediate possession of ———— the following described premises, to wit:" (Then follows a description of the premises the plaintiff seeks to recover.) In the plaintiff's third paragraph it makes the following allegation: "That on or about the 18th day of August, 1898, the said plaintiff let, leaseed, and rented to the defendant the said premises herein de-

scribed for a term of three years from August 18th, 1898, by written lease, which term expired on the 18th of August, 1901." The pleader then proceeds to give the terms of the written lease, and alleges that the various notices required by statute had been duly served upon the defendant, and the same, with proof of service, had been filed with the justice; and a copy of the lease is annexed to the complaint, and made a part thereof. By the fourth paragraph it is alleged that the said defendant holds over and continues in possession of the said premises, in opposition to the terms and conditions of the said written lease made a part of the complaint. The plaintiff concludes with a prayer for judgment for the recovery of the premises, and that immediate possession of the same be delivered to him, together with the costs and disbursements of the action. The appellant filed an answer to the complaint, denying each and every allegation therein contained, except his possession, which is admitted. It is contended, on the part of the appellant, that the plaintiff having alleged that it was the owner of and entitled to the immediate possession of the premises described, which allegation was denied by the answer, a question of title was raised by the pleadings, and hence the justice had no jurisdiction to try the case. Appellant further contends that if the complaint is to be treated as a complaint in forcible entry and detainer, the justice had no jurisdiction, for the reason that the summons was served upon the 4th of November, 1901, and made returnable on the 7th of the same month, and that intervening between the 4th and 7th was election day, made a holiday by our statute, making the service less than three legal days.

The allegation of ownership was entirely unnecessary in the complaint, and we are inclined to take the view that the

same was mere surplusage, it clearly appearing from the other allegations of the complaint that the action was brought under the forcible entry and detainer act for an unauthorized holding over under his lease by the appellant.   It is true, our constitution provides that justices shall have no jurisdiction of cases where boundaries or title to real property shall be called into question and section 6049, Comp. Laws, provides that, if it appears from the answer that the title to or boundary of real property in any wise comes in question, the justice must suspend all further proceedings in the action, and certify the pleadings to the clerk of the circuit court.   The justice, however, is not bound to certify the proceedings up unless the title to real property is in fact involved.   Even where a plea of title is interposed, the justice may decide whether or not the plea is appropriate to the action.   Fleet v. Youngs, 7 Wend. 291.   In this case the action was so clearly one under the forcible entry and detainer act for holding over after the term had expired, and one in which the question of title could in no manner be involved, it would have been error for the justice to have transferred the case to the higher court.   Treating the allegation in the complaint in this case as to title as surplusage, constituting no part of the plaintiff's cause of action, it is apparent that neither the boundary nor title to real property was in fact in question, or that the action would necessarily involve the question of title to or boundary to real property.   The justice was clearly right in denying the plaintiff's motion to transfer the case to the circuit court, and proceeding with the trial.

It is further contended by the appellant that section 6077, contained in the article in forcible entry and detainer relating to the service of the summons in that class of cases, is repealed

by chapter 195 of the Laws of 1901. Section 6077 reads as fol-lows: "The time for appearance and pleading must not be less than two nor more than four days from the time the summons is served on the defendant, and no adjournment or continuance shall be made for more than five days, unless the defendant applying therefor shall give an undertaking to the plaintiff with good and sufficient surety, to be approved by the justice, conditioned for the payment of the rent that may accrue, togeth-er with the costs, if judgment be rendered against the defend-ant." This section constituted section 38 of the Justice Code of 1877, and has never been amended or in terms repealed. So much of the law of 1901 as is material to this case reads as fol-lows: "The time specified in the summons for the appearance of the defendant shall in all cases be not less than three nor more than twelve days from the date of the service of the same." This section, so far as quoted, constituted section 15 of the Justice Code of 1877, as amended by chapter 139 of the Laws of 1885. The only change made by the amendment of 1901 seems to be to make provisions for the publication of the summons in cases commenced in justice courts. The act only pur-ports to amend section 6054, and does not in any manner refer to section 6077; and there is no such inconsistency nor repugnan-cy between the two sections as would warrant us in assuming that the latter section is repealed by implication. It is a well settled rule that repeals by implication are not favored by the courts, Suth. St. Const. § 217; Potter, Dwar. St. p. 154; Wood v. U. S., 16 Pet. 357, 10 L. Ed. 987; Harford v. U. S., 8 Cranch, 109, 3 L. Ed. 504; Brown v. Commissioners, 21 Pa. 37. We are clearly of the opinion, therefore, that section 6077 is still in force, and its provisions are to be followed when proceeding

under the forcible entry and detainer act   Assuming, howev-
er, that the defendant was entitled to three day's notice, the
record discloses that he had that notice.   A holiday under our
statute is not excluded in computing time unless the last day
falls on such holiday.   Section 4805, Comp. Laws, reads as
follows:   "The time in which any act provided by law is to be
done is computed by excluding the first day, and including the
last, unless the last day is a holiday, and then it is also exclud-
ed."   It will be observed that holidays are only excluded when
the last is a holiday.

The judgment of the circuit court is affirmed.