RAICH, Respondent, v. WEISMAN, et al, Appellants.

(231 N. W. 897.)

(File No. 6501.   Opinion filed August 12, 1930.)

184

*W. M. Potts,* of Mobridge, and *A. E. Weisman,* of Sioux Falls, for Appellants.

*Jacobsen & Murray,* of Mott, N. D., and *C. G. Carrell,* of Lemmon, for Respondent.

BURCH, J. This is an appeal from a judgment and order in forcible entry and detainer. Plaintiff commenced the action in justice court. On motion of defendants for security for costs on the ground that plaintiff was a nonresident of the state the justice required security, but accepted as security the promise made in open court of plaintiff's attorney, who was also a nonresident, that he would guarantee costs. In this action plaintiff claims title and right of possession by virtue of a sheriff's deed. Plaintiff obtained the sheriff's deed as a redemptioner from the foreclosure of a first mortgage. Appellant Sadie Weisman is the only appellant whose interest need be referred to or considered in this opinion. Such rights as other defendants may have, if any, are dependent upon the rights of Sadie Weisman. She was the mortgagor in both mortgages and is now the owner of the premises, unless she has lost title by the foreclosure proceedings. She is in possession and claims title and right of possession.

For an understanding of the question before us, it will be necessary to state some facts concerning the mortgages and proceedings before the commencement of this action. The first mortgage was given to the First State Bank of McLaughlin for $1,500, part of which had been paid at the time of foreclosure by the bank. The second mortgage was given to Sam Raich to secure $6,000, and by him assigned to plaintiff. Defendant Sadie Weisman claims the second mortgage was given for accommodation to Sam Raich,

was without consideration, was fraudulently obtained and assigned, all of which was well known to plaintiff. By reason of this, Sadie Weisman commenced an action to cancel the mortgage, and filed a lis pendens. Plaintiff intervened in that action, which, so far as the record shows, is still pending. Notwithstanding this action to cancel and after plaintiff's intervention, she redeemed from the first mortgage and obtained the sheriff's deed. Some irregularities in the redemption proceedings are claimed, namely, that the duplicate certificate of redemption was recorded and not filed with the register of deeds. After obtaining the sheriff's deed, plaintiff commenced this action. Defendants answered, setting up a claim of adverse title, and demanded that the justice certify the case to circuit court. This he refused to do, and defendants sought to compel him to do so by mandamus. Mandamus was denied. On trial the justice rendered judgment for plaintiff. Defendants appealed to the circuit court, where they asked that the case be remanded to the justice to be certified, which was denied, and now on appeal they contend the justice was without jurisdiction to render the judgment appealed from, and consequently the circuit court was without jurisdiction on appeal. Judgment for plaintiff in circuit court, and defendants appeal from the judgment and an order denying a new trial.

While this appeal has been pending, respondent commenced an action in circuit court on the 2d of May, 1929, to quiet title. Appellants then came into this court and moved to dismiss this action on the merits without prejudice to the commencement of such other action as respondent may desire to procure a determination of the points in issue, and asking that, if this be denied, this court require respondent to give a cost bond such as she should have given when demanded in justice court.

We dispose of the motion first. Appellants frankly concede their proceeding is novel, but ask us not to pass it lightly. Its novelty might well have caused counsel to pass it entirely unless they could show good reason for such proceeding. They argue this action should be dismissed so that the other actions pending (both in equity) might be consolidated and the broader issues tried. If appellants have equities which they can protect in a court of equity and which may be lost or imperiled in a law action, they should commence the necessary equity action to determine the

issues and restrain the proceeding at law until the adjudication in equity. It is not the province of this court to reverse a judgment and dismiss the action because there are other actions pending in the lower court which may, if tried, afford more complete relief to litigants. Our duty is to review the case as it comes to us on appeal. The motion to reverse the judgment and dismiss the action without review is therefore denied.

■ On the application for cost bond, we have this to say: The justice had no right to refuse to require security for costs from plaintiff; she being confessedly a nonresident of the state. The pretended security was not sufficient for two reasons:

First, section 5265, Rev. Code 1919, provides: "No practicing attorney and counselor at law shall be a surety in any suit or proceeding which may be instituted in any of the courts of this state." This statute is substantially the same as that existing in territorial days, and in Peck v. Phillips, 4 Dak. 430-432, 34 N. W. 65, the acceptance of an attorney upon an appeal bond was strongly condemned, and it was said the clerk should have refused to accept the undertaking. Because of failure to serve notice of appeal on the clerk, the appeal was dismissed, and the sufficiency of the bond to confer jurisdiction was not decided. But in Towle v. Bradley, 2 S. D. 472, 50 N. W. 1057, the legal effect of such a bond is decided, and it was held that an attorney is disqualified absolutely from entering into any such contract, and such an undertaking is insufficient. And in Dennett v. Reisdorfer et al., 15 S. D. 466, 90 N. W. 138, this court held an attorney was not liable on such an undertaking. So this case now stands as one prosecuted by a nonresident without having given security for costs, although demanded. The justice in effect denied the demand.

A second reason why the justice erred in accepting the security is that the attorney was himself a nonresident. Section 2625, Rev. Code 1919, provides: "In cases in which the plaintiff is a nonresident of the state or a foreign corporation, before commencing such action the plaintiff must furnish a sufficient surety for costs. The surety must be a resident of the county where the action is to be brought, and must be approved by the clerk. His obligation shall be complete by simply indorsing the summons, or signing his name on the complaint as security for costs."

█ While the statute is mandatory in form it has been the uniform practice to permit a nonresident, a reasonable time after demand therefor, to furnish such security. But, when demand has been timely made and security has not been required or if required has not been furnished as ordered, the error will justify a reversal. Towle v. Bradley, supra. See, also, Meade County Bank v. Bailey, 137 Cal. 447, 70 P. 297; Bergh v. John Wyman Farm Land & Loan Co., 30 N. D. 158, 152 N. W. 281.

In this court there is no assignment of error based on the refusal of either of the lower courts to require sufficient security for costs. That question is before this court on motion to require such security at this time. It is now too late for such an order to be of any value to appellant. The costs have all been made. For respondent's flagrant refusal to furnish security as provided by law, we think this court would be justified in dismissing the action without allowing time to comply with the requirement of the statute. In the interets of justice we have concluded to consider the appeal on its merits before finally determining this motion.

█ █ We now consider the questions presented by the assignments of error. First, did the circuit court have jurisdiction on the appeal from the judgment of the justice court? It seems to be appellant's theory that if the justice did not have jurisdiction to try the case, he could render no judgment, and having no jurisdiction to render judgment, the appellate court could acquire none by appeal. The justice did have jurisdiction of the action. Whatever jurisdiction the circuit court might afterwards obtain would not be by virtue of summon and complaint in an original action, but by virtue of the commencement of the action in justice court and its subsequent transfer to the circuit court by appeal or certification. The justice had jurisdiction to determine in the first instance whether the issues were such as he could try or such as he should certify to the circuit court. C., M. & St. P. Ry. Co. v. Nield, 16 S. D. 370-373, 92 N. W. 1069; Fleet v. Youngs, 7 Wend. (N. Y.) 291. If he erroneously decides to try the case and renders judgment, the case may be taken into the circuit court by appeal from the erroneous judgment. Lander & Co. v. Deemy, 46 N. D. 273, 176 N. W. 922; Johnson v. Erickson, 14 N. D. 414, 105 N. W. 1104.

Second, was plaintiff a redemptioner when she redeemed from the first mortgage? By sections 2887 and 2682, Rev. Code 1919, a creditor having a lien by judgment or mortgage is a redemptioner. It would seem plain that plaintiff was a redemptioner, since she was assignee of the second mortgage. This mortgage had not at that time been adjudicated void, and has not yet been so adjudicated. Evidently plaintiff has consistently maintained that it is not void, for she intervened in the action brought by appellant to cancel the mortgage. We cannot presume that it is void. But, whether plaintiff was legally entitled to redeem or not, she proceeded as a redemptioner and was recognized as such by the certificate holder, who, by accepting the redemption money, consented to the redemption. We do not see that appellant was affected thereby. She did not redeem and has never offered to redem in this suit or either of the other suits, as shown by her answers which she has seen fit to incorporate in her brief on this appeal. It does not appear that appellant has any interest entitling her to object to plaintiff's title. And this answers all other questions urged on this appeal.

We conclude by a few general observations. Appellants' counsel argue that appellant is the victim of a fraud and that there are equities in her favor that ought to save to her the real property in question. They have been active and persistent in seeking to assert her rights in court. Too many actions and appearances in court, where one effective action should suffice. They appear to be floundering; whether that is due to a feeling that they can present no legal right, or an inability to decide upon a proper remedy, we do not know. We assume they are sincere. But it is difficult to see what possible practical gain there could be to a decree canceling a second mortgage on property which is to be lost upon foreclosure of a first. They say appellant expected to buy the property of the certificate holder which was defeated by the redemption, but they do not say she did buy or contract to buy by reason whereof she has a claim on the property, and therefore an interest entitling her to question the validity of the redemption. They seem to assume that appellant, the mortgagor, can hold possession long after the period of redemption expires upon a valid foreclosure if there is some irregularity in the issuance of the sheriff's deed, although all parties interested in the deed are satis-

fied. At best, the irregularities complained of could render the sheriff's deed voidable only at the instance of an injured party.

The judgment and order appealed from are affirmed. Because of the misconduct of respondent in failing to give security for costs in this action and not now having any such security in this court, no costs will be taxed.

BROWN, P. J., and SHERWOOD, J., concur.

POLLEY and CAMPBELL, JJ., dissent.