JEDEDIAH JACK, Plaintiff in Error, *v.* THE PEOPLE, Defendants in Error.

ERROR TO MASSAC.

The words "special bail," at common law, have reference to security taken in civil actions, and do not, under our statute, embrace recognizances or bail in criminal cases.

The statute in relation to bail is directory where it defines what security the law deems sufficient, but should a licensed attorney execute a bond, it would be good against him. It is a privilege to the attorney, as an officer of the court, which he cannot plead in fraud of the law.

IN this cause, plaintiff in error, together with others, entered into a joint and several bond of recognizance for the appearance of one Lane, to answer a criminal charge. A forfeiture of said recognizance was taken, and *capias* and *scire facias* issued, etc.

The plaintiff in error pleaded for himself, specially, the following plea, to wit:

And for a further plea in this behalf, the said Jack, for himself, specially, says *actio non*, because he says that, at the time of the execution and signature by him of the said recognizance

in said *scire facias* mentioned, he was, and still is, an attorney and counsellor at law, and this he is ready to verify, wherefore he prays judgment.

Demurrer filed to above plea and joinder in the same, which was by the court sustained.

And afterwards, at the October term, 1854, of the Massac Circuit Court, execution was ordered against said plaintiff in error for the sum of five hundred dollars.

The cause was heard before PARRISH, Judge.

J. JACK, *pro se.*

J. S. ROBINSON, for The People.

SKINNER, J. This was a *scire facias* upon a recognizance, conditioned for the appearance of one Lane, to answer to a criminal charge. Jack, one of the cognizors, pleaded " that, at the time of taking the recognizance, he was, and hitherto has been, an attorney and counsellor at law." To this plea the court sustained a demurrer, and this is assigned for error.

The first section of chapter fourteen of the Revised Statutes provides that " no person shall be permitted to be special bail in any action, unless he be a householder and resident within the State, and of sufficient property, if the writ or process is sued out of the Supreme Court; or, if it issue out of any Circuit Court, unless he be a householder of sufficient property, and a resident of the county in which the court is held; and no counsellor or attorney at law, sheriff, under sheriff, bailiff, or other person concerned in the execution of process, shall be permitted to be special bail in any action."

The entire chapter relates to bail in civil actions, and makes no reference to recognizances, or bail taken in criminal prosecutions; nor do the words *special bail,* in their technical sense, embrace recognizances or bail in criminal cases. At common law, they are used as denoting security, taken in civil actions, for appearance and surrender of the body of the debtor or defendant, in satisfaction of judgment. 3 Black. Com. 287; 1 Bacon's Ab., title "Bail in Civil Causes;" 1 Viner's Ab., title "Bail."

But, if the recognizances were within the statute, the fact alleged in the plea would be no defense. The statute is directory only, defining the security the law deems sufficient, and intended to guide public officers in the discharge of their official duties.

If it should turn out that the bail taken was not a householder, or was not of sufficient property, or was not a resident

of the county where the action was pending, or was a licensed attorney, the bond would not, therefore, be void, but would be good against the obligor.

The plea raises no question as to the provisions contained in the recognizance, and the question, therefore, is not whether an involuntary obligation, containing provisions not required, or omitting anything required by law, is valid. The objection goes only to the competency of the surety, and is grounded upon an assumption of statutory disability.

The record presents the case of a licensed attorney, an officer of court, whose profession is the law, interposing his office and privilege in avoidance of his obligation. Were he to succeed in his defense, it would be a successful fraud on the law, which does not appear before to have been attempted in this State, and which, for the honor of the profession, we trust, may not be repeated.

*Judgment affirmed.*