The State vs. Jones.

## THE STATE VS. JONES.

1. BAIL: *Liability of attorney on bail bond.*

Semble, that sec. 4823, Gantt's Dig., providing that attorneys shall not be taken as bail without leave of the court, is merely directory, and cannot be set up as a defense to an action on the bond.

2. SCIRE FACIAS ON BAIL BOND: *Pleading in.*

In *scire facias* on bail bond, the whole record is before the court, and if the defense is defectively pleaded, judgment should not be given when the record shows it would be illegal and unjust. A demurrer to the defendant's pleading should, in such case, relate back to the plaintiff's case, as in pleading at common law.

3. BAIL: *Discharge of.*

Where a change of venue is granted on the application of the defendant, who is at large on bail, and he is ordered into the custody of the sheriff to be transmitted to the custody of the sheriff of the county to which the venue is changed, the right of the bail to the custody of the defendant is impaired, and his liability is at an end.

The State vs. Jones.

. APPEAL from *Drew* Circuit Court.

Hon. JOHN A. WILLIAMS, Special Judge of the Circuit Court.

*Met. L. Jones*, for appellant.

*J. R. Montgomery*, Attorney General, *contra*.

WILLIAMS, Sp. J. Appellee became bail for the appearance of Joseph Porter before the criminal court of Jefferson county, at. its February term, 1873, to answer an indictment for robbery. The condition of the bond was to appear at that term and " at all times render himself amenable to the orders and process of the court in the prosecution of said charge, and render himself in execution if convicted; and if he should fail to perform either of these conditions, to pay one thousand dollars, the amount of the bond.

At the time prescribed in the bond, Porter appeared before the Jefferson criminal court, was arraigned and pleaded to the indictment.

The case, on his application, was moved, by change of venue, to Drew county, as prescribed in Gould's Dig., ch. 52, secs. 132, 133, et seq., which was the law governing the case at the time.

At the first term, thereafter, of the Drew circuit court, Porter failing to appear, a forfeiture was taken on the bail bond against him and appellee. To the *scire facias* on this . forfeiture, the appellant set up two defenses.

1. That he was an attorney-at-law, enrolled and practicing in the criminal court of Jefferson county at the time he became security in the bond, and that said court had not given him leave to become bail in the case.

2. That the bond was for the appearance of Porter before said criminal court, and not for his appearance before the Drew circuit court; and that the change of venue was ordered and

made after the bond was taken, and after Porter had appeared in Jefferson court in obedience to its conditions, and there was no order of court given for Porter to stand on his bail, or directing the bail to be held for the appearance of defendant before the circuit court of Drew county, and that the change of venue was made without the consent of the appellee.

To these defenses, forming two separate paragraphs of an answer, the state demurred; the court below sustained the demurrer as to the second defense, and overruled it as to the first.

Section 4823, Gantt's Digest, provides, that attorneys-at-law shall not be taken as bail without leave of the court.

We are inclined to the opinion, in which we are sustained by authority, that this is a mere directory law, and that it does not lie in the mouth of the bail to set up this defense. *Commonwealth v. Ramsey,* 2 Duval (Ky.), 385; *Jack v. People,* 19 Ill., 57. Yet, in the view we take of this case, we do not deem it necessary to decide this question. For if it appear that, upon the whole record, the judgment of the court below was right, it must be affirmed. Let us, therefore, see if the second defense is good, and if not, whether the demurrer to it did not reach the defects in the state's own case.

If the appellee had proved what he averred in the second paragraph, that Porter appeared and was in custody as the law required, and that the Jefferson criminal court gave no order directing the bail to be held for the appearance of Porter in the Drew circuit court, it would have been sufficient. We believe the condition of the bond is broad enough to have required Porter to have obeyed the order of the court to go to Drew, and to surrender himself in final execution, if convicted, if the court of Jefferson county had so ordered. In cases like this, the whole record is before the court, and even if a defense was defectively pleaded, judgment should

not be given where that record shows it would be illegal and unjust. The demurrer should, in such case, reach back to the defect in plaintiff's case as in pleading.

In this case, the record shows that the order changing the venue from Jefferson criminal court to the Drew circuit, expressly ordered Porter into the custody of the sheriff, and directed the sheriff of Jefferson to "transmit his body" to the sheriff of Drew.

Giving the fullest scope to the last clause in the bail bond, and holding that it would bind the bail until the principal, on conviction, was surrendered in execution without any order of court remitting the prisoner to his bail, which we do not here intend to decide, still, in this case, the express order of the Jefferson criminal court materially affected the rights of the bail. The law considers a prisoner on bail as in the custody of his surety, who has the right to look after him, and arrest him any where, and surrender him to proper authority. With such an order before him, it would have been a difficult undertaking for appellee to have attempted to control Porter's movements as against the sheriff.

Competent authority having impaired the right of the bail, we cannot hold him legally responsible. If Porter escaped, it was from the sheriff of Jefferson or Drew county, whichever, under this order, had the body. If Jefferson had transmitted, as ordered, the escape was not from him. Otherwise, on this record, he appears to be the responsible party. The escape is certainly not from the bail, who, in law, was his custodian, while his bond was unperformed, and he at large on it.

Finding, on the whole record, that the judgment of the circuit court of Drew county is right, the same is affirmed.

Mr. Justice HARRISON did not sit in this case.