WRIGHT V. SCHMIDT ET AL.

| 47 | 233 |
| 104 | 656 |

1. **Pleading:** CONCLUSION. A denial which is stated merely as a conclusion from some other allegation does not constitute good matter in defense.

2. **Attorney:** SURETY ON BOND. An attorney who tenders himself as a surety on a bond and is accepted by the proper officer, cannot afterwards plead the fact of his attorneyship to-relieve him of the obligation of his contract.

3. ——: ——: ACCEPTANCE. The fact that the attorney's name was signed to the bond and that the approval of the clerk was indorsed thereon in due form is conclusive of his acceptance as surety.

*Appeal from Woodbury Circuit Court.*

WEDNESDAY, OCTOBER 5.

THIS is an action against John A. Schmidt, as principal, and F. J. Lambert and O. C. Tredway, as sureties, on the bond of said Schmidt as special administrator of the estate of Charles Gardenberger, deceased. The bond is in due form, executed by the defendants, and·approved and filed by the clerk of the Circuit Court. To the petition the defendant, Tredway, filed an answer, the first count of which is as follows: "The defendant, O. C. Tredway, answering unto plaintiff's petition herein, says he. denies that he ever was or ever became the surety of the defendant, Schmidt, as special administrator of the estate of Charles. Gardenberger, deceased, or that he was ever received as such security though his name is attached thereto, for defendant says that he is now and has been for the last seventeen years past a practicing attorney in this court and other courts of the State of Iowa, at all times residing and living in the county of Woodbury and State of Iowa, and that by the law of the State of Iowa, in force at the time of the execution of the bond set out in plaintiff's petition, this defendant was prohibited from becoming a surety upon any such bond as is mentioned in plaintiff's petition, and this court and its clerk thereof was prohibited from receiving this defendant as surety upon any such bond, and the defendant avers that his

name upon said bond is mere surplusage and without any force
or effect, and that said clerk never did receive the defendant
as surety upon said bond, but approved the same without ref-
ence to the defendant's name thereon, the said clerk well know-
ing at the time of the approval of said bond that the defendant
was a practicing attorney as aforesaid and could not become
and be received as surety on said bond. The defendant further
avers at the time the said John A. Schmidt made application
to become and was appointed special administrator, as alleged
in plaintiff's petition, the said application was made by his
attorneys, Messrs. Tredway & Cleland, of which said firm of
attorneys the defendant was a member, and the same was well
known to the court and the clerk thereof, and by reason of the
statute in force at the time of the execution of said bond the
defendant could not and did not become surety upon said
bond, wherefore and by reason of the foregoing he prays judg-
ment against the plaintiff for costs."

To this count of the answer the plaintiff demurred as fol-
lows: "That said count does not state facts sufficient to con-
stitute a cause of defense for that the fact that said defendant,
O. C. Tredway, was a practicing attorney and attorney for his
co-defendant, John A. Schmidt, does not relieve him from
liability on said bond." The court sustained this demurrer.
The defendant, Tredway, appeals.

*O. C. Tredway, pro se.*

*Joy & Wright,* for appellee.

DAY, CH. J.—I. Appellant claims that the first count of
the answer presents a complete defense because it denies that
appellant ever was or ever became the surety of the
defendant, Schmidt. A careful examination of the
answer, however, will discover that it does not contain the in-
dependent denial claimed, but denies that defendant ever was
or became the surety of Schmidt *for,* or because, defendant
for seventeen years has been a practicing attorney. The denial
is a mere conclusion or inference from the fact that defendant
was a practicing attorney, and could not become a surety.

1. PLEADING: conclusion.

II. Appellant claims that this count of the answer presents a good defense because of its averment that defendant 2. ATTORNEY: was at the time of the execution of the bond a surety on bond. practicing attorney, and the attorney of the defendant, Schmidt.

Section 2931 of the Code is as follows: "No attorney or other officer of the court shall be received as security in any proceeding in court." Appellee insists that the bond in question was not taken in *any proceeding in court*, and that it does not come under the provisions of this section. We deem it unnecessary to determine this question. In cases to which this section applies, it would justify the officer in refusing to accept an attorney as a surety, and would authorize the party for whose benefit a bond, with an attorney as surety, has been taken, to move for additional security or for the dissolution of an attachment, injunction, etc., for want of sufficient bond. But, we cannot believe that an attorney, who has secured for his principal, and, it may be, his client, all the benefits of a good and legal bond, can be permitted to shield himself behind the provisions of this section, and thereby escape liability. Appellant cites no precedent for such a holding, and we are unwilling to make one to authorize a party to so effectually take advantage of his own wrong. Appellant had no right to insist that the officer should accept him as a security, but having tendered himself as such and been accepted, thus depriving the interested parties of other security, he must perform the conditions of the contract into which he has voluntarily entered. Neither the interests of good morals would be promoted, nor respect for the law would be increased by permitting him to escape.

III. Appellant further contends that the averment that he was never received as surety by the clerk, and that the bond 3. —: —: was approved by the clerk without reference to acceptance. appellant's name, presents a good defense. Appellant's name is signed to the bond, and the approval of the clerk is in due form indorsed thereon. All interested parties have the right to insist that this act of approval shall be construed to be what it publicly imports. It cannot be shown

that the clerk secretly, in his own mind, attached no importance to the signature of appellant, and that he approved the bond with a mental reservation. The demurrer was properly sustained.

AFFIRMED.