RANNEY-ALTON MERCANTILE CO VS MINERAL BELT CON-
STRUCTION CO.

Opinion delivered January 9, 1899.

*1. Surety Companies—U. S. Statute Applicable to Courts in the Indian
Territory.*

> The act of congress of August 13, 1894, providing for recogni-
> zances, etc., in judicial proceedings in United States courts is
> applicable to United States Courts in the Indian Tereitory,
> and it was not repealed in so far as it relates to judicial pro-
> ceedings in the Indian Territory by the act of May 2, 1890,
> putting in force in said Territory, § 5301 Mansf. Dig., provid-
> ing that sureties on bonds in judicial proceedings shall be resi-
> dents of the state.

*2. Surety Company—Service of Summons on in Indian Territory.*

> There being no District court of the United States in the Indian
> Territory, with which a surety company can file a certificate
> of its authority the safe practice is to serve summons both on
> the resident agent of the company and the clerk of the court in
> which the suit is brought.

*3. Surety Company—Estoppel.*

> A surety company which executes a recognizance, bond or other
> undertaking in pursuance of the act of August 13, 1894 is es-
> topped in any proceedings to enforce the liability which it
> shall have assumed to incur, to deny its authority to execute
> such instrument.

*4. Supersedeas Bond—Insufficient—Suggested Form.*

> A supersedeas bond which provides that appellant will pay "all
> costs and damages, * * * and will have its property forth-
> coming to perform and satisfy the judgment against the pro-
> perty," is insufficient. It should be conditioned to pay and
> perform the judgment of the appellate court, if the judgment
> is affirmed. Form of judgment in this case is suggested in the
> opinion.

JOHN R. THOMAS, Judge.

Action by the Ranney-Alton Mercantile Company against the Mineral Belt Construction Company and the Denison & Northern Railway Company. Judgment for plaintiff. Defendant, the Denison & Northern Railway Company appealed. Plaintiff moves to quash and set aside the supersedeas bond. Motion sustained.

This motion was made in the first instance to one of the judges of the court of appeals. The attorney for the plaintiff served a notice upon the attorney for the defendants fixing the time and place for hearing the motion. Owing to the illness of defendants' counsel, the motion was passed upon on the argument of plaintiff's counsel. The judge hearing the motion granted the same, and issued an order to the clerk of the United States court at Ardmore directing him to revoke the supersedeas, upon the ground that the bond did not contain a surety which was authorized by the laws in force in this jurisdiction, and also upon the ground that the conditions of the bond were not such as are required by the statute. Soon after the order was issued, counsel for the defendants applied for a rehearing on the motion, which was allowed, and the motion was set down for rehearing before the court of appeals, at South McAlester, on January, 6, 1899. The court has heard argument of counsel for both plaintiff and defendants. The motion to quash and set aside the supersedeas issued by the clerk of the United States court at Ardmore is based upon the following grounds: First. Because the American Surety Company, the only surety upon the supersedeas bond in this case, is not qualified, under the law, to become a surety upon a supersedeas bond, for the reason that it is not a resident of the Indian Territory, and has no property within the jurisdiction of the court. Second. Because the supersedeas bond is not conditioned as required by law. Third.

Because the bond is insufficient for the reason that it nowhere binds the defendant to perform the judgment of the court appealed from; nor does it require the appellant to perform the judgment to be rendered on appeal, except in the payment of costs, Fourth. Because the bond only requires the appellant to perform the judgment appealed from, and the judgment to be rendered on appeal, by having its property present to perform and satisfy said judgment, and nowhere binds the appellant to satisfy the judgment in any particular, except in the payment of costs; the bond being, in legal affect, nothing more than a cost bond and a forthcoming bond.

The Ranney-Alton Mercantile Company brought a suit in equity in the United States Court for the Southern district of the Indian Territory against the Mineral Belt Construction Company and the Denison & Northern Railway Company. A personal judgment was obtained against the Mineral Belt Construction Company to the amount of over $41,000, and a lien to that amount was decreed against the assets of the Denison & Northern Railway Company, and the property ordered sold to satisfy said lien. From this judgment the railway company has appealed to this court.

*W. A. Ledbetter*, for plaintiff.

*C. L. Herbert* and *C. B. Stuart*, for defendants.

SPRINGER, C. J. The first objection to the supersedeas bond is to the effect that the only surety, viz. the American Surety Company of New York, is not qualified, under the law, to become a surety upon a supersedeas bond, for the reason that it is not a resident of the Indian Territory, and has no property within the jurisdiction of the court. Counsel for plaintiff contends that section 5301 of Mans-

field's Digest governs in this case.  That section is as follows:  "Sec. 5301:  The surety in every bond provided for by law must be a resident of this state, and worth double the sum to be secured, beyond the amount of his debts, and have property liable to execution in this state equal to the sum to be secured."  Counsel for defendants contend that the law applicable in this case is an act of congress entitled "An act relative to recognizances, stipulations, bonds, and undertakings, and to allow certain corporations to be accepted as sureties thereon," approved August 13, 1894. 2 Supp. Rev. St. U. S. 1892-96, p. 237.  The first section of this act, excluding the proviso, is as follows;  "That whenever any recognizance, stipulation, bond or undertaking, conditioned for the faithful performance of any duty, or for doing or refraining from doing anything in such recognizance, stipulation, bond, or undertaking specified, is by the laws of the United States, required or permitted to be given with one surety, or with two or more sureties, the execution of the same, or the guaranteeing of the performance of the conditions thereof, shall be sufficient when executed or guaranteed solely by a corporation, incorporated under the laws of the United States, or of any state, having power to guarantee the fidelity of persons holding positions of public or private trust, and to execute and guarantee bonds and undertakings in judicial proceedings."  There are eight sections to this law.  The other sections make provisions for the carrying into effect of the general provision contained in the first section above quoted.  It is contended by counsel for plaintiff that the other sections of the act of congress referred to indicate a purpose on the part of congress to limit the operation of this act to the states, organized territories, and to the District of Columbia.  A careful reading of all these provisions, however, will show that such was not the purpose of congress.  The first section, which is quoted above, is so general and complete in its

provisions that it must be construed to apply to all parts of the United States, and to all courts of the United States, so far as their judicial proceedings are concerned. There may be some doubt as to whether the resident agent appointed by a surety company, whose power of attorney is to be filed with the clerk of the district court of the United States for such district, can be regarded as the person upon whom service can be had in the Indian Territory. If, however, there be any doubt on this ground by reason of the fact that his power of attorney is to be filed with the clerk of the district court of the United States—there being no district court of the United States in the Indian Territory, if this statute be strictly construed—yet the provision of the statute which authorizes service upon the clerk of the court wherein such suit is brought, if there be no such resident agent, would permit a service in every case where service upon the company is required. Out of abundant caution, it is suggested that in all cases hereafter, where service may be required to be made upon any guaranty company doing business in the Indian Territory, service should be had both upon the resident agent of the company, if there be such a resident agent, and upon the clerk of the court where the case or proceeding is pending, whether there be a resident agent or not. A double service of this kind would, under all circumstances, be sufficient to bring the defendant the guaranty company into court.

Counsel for the plaintiff contend that, unless the law of congress authorizes the guaranty company to become surety in this case, the acts of the officers of the company would be without authority of the corporation, and the bond would be void. Congress has provided in section 7 of the act above referred to against this contingency. That section is as follows: "Sec. 7. That any company which shall execute or guaranty any recognizance, stipulation, bond, or undertaking, under the provision of this act, shall be estop-

*Margin note:* Surety company. Service of summons.

ped, in any proceedings to enforce the liability which it shall have assumed to incur, to deny its corporate power to execute or guaranty such instrument, or assume such liability." In the case of Carnegie, Phipps & Co. vs Hulbert, decided by the United States circuit court of appeals for the Eighth circuit, September, 1895, (Judge Caldwell delivering the opinion of the court), it was held: "A bond given in pursuance of some requirement of law may be valid, and binding on the parties, although not made with the formalities or executed in the mode provided by the statute under which it purports to have been given. This rule rests on the principle that, although the instrument may not conform to the special provision of the statute or regulation with reference to which the parties executed it, nevertheless it is a contract voluntarily entered into, upon a sufficient consideration, for a purpose not contrary to law, and, therefore, it is obligatory upon the parties to it, in like manner as any other contract or agreement is valid at common law." 36 U. S. App. 82, 83, 16 C. C. A. 498, and 70 Fed. 209. And further it was held, if the legal requirements as to the qualifications of sureties applied, the sureties would not be heard to say that they did not possess the statutory qualifications: citing Wright vs Schmidt, 47 Iowa 233; Tessier vs Crowley, 17, Neb. 207, 22 N. W. 422; Jack vs People, 19 Ill. 57, 36 U. S. App. 90. In Com. vs Ramsay, 2 Duv. 386, it was held that, where a statute provided that bail should be a resident of the state, a non-resident who was accepted as bail was bound. 1 Brandt. Sur. § 8.

Counsel for the plaintiff further contends that section 5301, Mansf. Dig., above quoted, having been put in force in the Indian Territory by the act of congress of May 2, 1890, as a special statute, applicable to the conditions existing in the Indian Territory, its provisions are not repealed by the general law of congress passed August 13, 1894. This

contention would be well taken, were it not for the fact that it seems clear and unmistakable that congress intended that the act of August 13, 1894, should apply to judicial proceedings in all courts of the United States.    There are special reasons why congress should intend that the provisions of August 13, 1894, should apply to the Indian Territory.    Individuals who are offered as security upon judicial and other bonds in the Indian Territory do not own real estate in the Indian Territory, by reason of the fact that the titles to lands in the Indian Territory are in the Indian tribes, except in the town of Miami, and allotments recently made to certain Indian tribes in the Quapaw Indian reservation. The authority to offer as security responsible guaranty corporations will furnish greater assistance, and be productive of greater security to official bonds, than anywhere else in the United States.   Hence there are special reasons for holding that the act of August 13, 1894, was intended by congress to be applicable to the Indian Territory.   This court is, therefore, of the opinion that the clerk of the United States court at Ardmore was authorized to accept as security on the supersedeas bond offered by the defendants in this case the American Surety Company of New York.   It was conceded in argument that the attorney general of the United States, in pursuance of section 3, of the act of congress aforesaid, had granted his authority in writing to said company to do business under said act.

The second, third, and fourth objections to the efficiency of the bond which was accepted by the clerk of the United States court at Ardmore will be considered together. They are all to the effect that the supersedeas bond does not set forth such conditions as are required by law.   The conditions of the bond taken by the clerk are as follows: ''Now, we, the Denison & Northern Railway Company, as principal, and the American Surety Company of New York, as surety, hereby covenant with said appellee that the said ap-

*Surety company competent bondsman.*

pellant will pay to the said appellee all costs and damages that may be adjudged against the appellant on the appeal, and also that he will perform said judgment against it for costs, and will have its property forthcoming to perform and satisfy the judgment against its property, in case it shall be affirmed, and any judgment or order which the court of appeals may render, or order to be rendered by the inferior court, not exceeding the order and judgment aforesaid, and also pay all rents or damages which during the pendency of the appeal may accrue on any part of the property of which the appellees are kept out of possession by reason of the appeal." The conditions of this bond must be considered with reference to the provisions of section 1295 of Mansfield's Digest, which is as follows: "Sec. 1295. A supersedeas shall not be issued until the appellant shall cause to be executed, before the clerk of the court which rendered the judgment or order, or the clerk of the supreme court, by one or more sufficient sureties, to be approved by such clerk, a bond to the effect that the appellant shall pay to the appellee all costs and damages which shall be adjudged against the appellant on the appeal; also, that he will satisfy and perform the judgment or order appealed from, in case it should be affirmed, and any judgment or order which the supreme court may render, or order to be rendered by the inferior court, not exceeding in the amount or value the original judgment or order, and all rents or damages to property during the pendancy of the appeal. of which the appellee is kept out of possession by reason of the appeal." A portion of the provisions of the foregoing statute is not applicable in the pending case. The last clause, which is as follows, "and all rents or damages to property during the pendency of the appeal, of which the appellee is kept out of possession by reason of the appeal," can have no reference to the pending case, for the reason that the property of the defendont railway company

will remain in the possession of the defendant pending the appeal, and hence the defendant could not be required to obligate itself to pay rents or damage to the property out of the possession of which it was not kept by the appeal.

Counsel for the defendants contend that there is no personal judgment against the Denison & Northern Railway Company, and that a bond cannot be required of the company, obligating it to satisfy and perform any judgment or order which the court of appeals may render or order to be rendered by the inferior conrt; that all that can be required of the defendant railway company is that it should have its property forthcoming to perform and satisfy the judgment against its property in case the judgment should be affirmed. Counsel for the plnintiff, however, contends that the form of the bond given by the railway company is not such as would hold the railway company liable for any damage which might result by the depreciation of the property pending the appeal. The court is of the opinion that supersedeas bonds should conform strictly to the statute. It is for the appellate courts to determine, and not for the ministerial officers of the court, or even for the inferior court itself, what shall be the liability of the surety upon a supersedeas bond. The party procuring the supersedeas seeks to stay the operation of the judgment against him until the case can be finally determined on appeal. He must, therefore, be willing to make such a bond as the law requires, and to submit to such liability by reason of that bond as may be finally determined on appeal. The only safe course, therefore, to pursue, is to require all parties seeking to supersede a judgment to execute a bond strictly in accordance with the statute. We would suggest, therefore, as a proper form of bond in this case, the following: "Now, therefore, we, ———, as principal, and ———, as surety, hereby covenant with said appellee that the said appellant, the Denison & Northern Railway Company, will

pay to the said appellee all costs and damages that may be adjudgud against the appellant on said appeal, and that it will satisfy and perform said decree appealed from, in case the judgment shall be affirmed, and any judgment or order which said court of appeals may render, or order to be rendered by the said United States court for the Southern district of the Indian Territory, not exceeding the amount or value of said judgment or decree appealed from. Witness our hands this ――― day of ―――, 1899.''

<span style="float:right">Form of supersedeas bond.</span>

The court is of the opinion that the conditions of the bond filed are not such as are required by the statute. It is, therefore, ordered by this court that the clerk of the United States court of appeals for the Indian Territory is hereby authorized and directed to accept the American Surety Company of New York as surety on a supersedeas bond to be given hereafter by the Denison & Northern Railway Company in this case, if such company is again offered by the said railway company; and said clerk is also directed to accept as sufficient a bond so executed, provided it is conditioned as is required in this opinion. It is further ordered by the court that the bond heretofore filed by the Denison & Northern Railway Company in this case shall stand as sufficient until the 1st day ef February, next, and if, on or before said 1st day of February, next, the Denison & Northern Railway Company shall file with the clerk of said court a supersedeas bond conditioned as required in this opinion, with the American Surety Company of New York as surety on said bond, or any other surety company authorized by the attorney general to do businese under the act of congress aforesaid in the Indian Territory, or, if no duly-authorized surety corporation is óffered, such other surety, which may be deemed sufficient by said clerk, as is required by section 5301 of Mansfield's Digest, and such bond, so presented, shall be accepted by said clerk; and all proceedings under the judgment or decree of the United States court for

the Southern district of the Indian Territory in the suit against said company and others shall be stayed until the issues on said appeal are finally disposed of, and until the further order of this court, or the United States court for the Southern district of the Indian Territory. If no supersedeas bond is filed with the clerk of the United States court of appeals, as herein required, on the first day of February next, the bond heretofore filed shall be quashed, set aside, and held for naught, and such proceedings may be had under the judgment or decree of the court in the case aforesaid as may be lawful in the absence of a proper supersedeas bond.

CLAYTON and TOWNSEND, JJ., concur.